IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IN RE: <br> SEWER ENTERPRISES LTD., <br> Debtor. | BANKRUPTCY NO. 3:06-BK-30015 |
| JOAN OAT <br> v. <br> SEWER ENTERPRISES, LTD., et al. | CIVIL ACTION NO. 2003/115 |

## MEMORANDUM AND ORDER

Before the court is the emergency motion to withdraw the reference in the above bankruptcy. For the reasons hereafter set forth, the motion will be granted.

I.

On December 11, 2006, after a lengthy settlement conference before Magistrate Judge Restrepo proved fruitless, this court entered a pretrial order establishing a fixed time and date for the commencement of trial in Civil Action No. 2003/115; namely, 10:00 a.m. on January 29, 2007. On December 20, 2006, the court was notified that the defendant in that trial (Debtor) had filed for bankruptcy.

The shareholders of Debtor are plaintiff in Civil Action No. 2003/115 (49%) and the Estate of Llewellyn T. Sewer (51%). It is clear from the background in this matter that the president of Debtor corporation was not authorized to file the petition in bankruptcy.

The Debtor corporation by order dated October 31, 2005 was operating under a court-appointed receiver (Plaintiff Exhibit 4) and a stipulated order dated September 30, 2003 (Plaintiff Exhibit 3) was an important part of that receivership. The plain reading of those

documents supports the contention in this motion that unanimous consent of the shareholders would have been necessary before Debtor could file for bankruptcy.

It is also obvious that the withdrawal of the reference would be the most efficient use of judicial resources. The controversy in the underlying lawsuit (Civil Action No. 2003/115) will be resolved in the near future either by settlement or trial. The postponing of this "day of reckoning" is antithesis of judicial efficiency.

It is virtually impossible to come to any other conclusion than this bankruptcy petition was filed on the eve of trial for the very purpose of evading the pending trial order and to take advantage of the automatic stay.

Accordingly, the following order is entered:

**AND NOW**, this 10th day of January, 2007, the order of reference for the bankruptcy in the above case is WITHDRAWN. The Bankruptcy Case No. 3:06-BK-30015 is CONSOLIDATED with Civil Action No. 2003/115 and the automatic stay (11 U.S.C. § 362) is dissolved.

In addition the court ORDERS as follows:

1. Defendant's motion in 2003/115 to move the trial to St. Thomas is DENIED.

2. Plaintiff's motion for summary judgment is DENIED.

3. Plaintiff's motion for preliminary injunction is DENIED as MOOT.

4. All pending motions for sanctions and attorney's fees are DENIED without prejudice to renew after the trial on the merits.

2

5. The pretrial order of December 11, 2006 remains in full force and effect, EXCEPT No. 7 is amended to read:

Counsel are to exchange documents no later than January 15, 2007.

Counsel are advised that:

(a) A pretrial conference with the undersigned by phone will be held at any time upon request of counsel;

(b) Magistrate Judge Restrepo will continue to be available for settlement negotiations upon request of counsel.

BY THE COURT:

RONALD L. BUCKWALTER, S.J.

cc: Garry Garten, Esquire
Samuel Hall, Esquire
Magistrate Geoffrey W. Barnard
Claudette Donovan
Adrien Fahie
Lydia Trotman
Carol C. Jackson